erations Monday morning, the jurors voted unanimously to impose the death penalty.

In *Lowenfield*, the Court observed that "[a]ny criminal defendant, and especially any capital defendant, being tried by a jury is entitled to the uncoerced verdict of that body." 484 U. S., at 241. To determine if coercion has occurred, courts must "consider the supplemental charge given by the trial court 'in its context and under all the circumstances.'" *Id.*, at 237 (citation omitted). We held that the particular supplemental charges and jury polling at issue had not resulted in coercion, but that other instructions and comments might require a different conclusion. *Id.*, at 241.

In my view, this case presents a far more compelling circumstance for finding jury coercion than did *Lowenfield*. As the dissenting judge below observed, the holdout juror, given her emotional condition, the verbal attack upon her, and the judge's indication that he would have to investigate one or more jurors

> "may well have interpreted these statements as meaning the court *expected* a verdict on Monday and that it wanted *her personally* to resolve any lingering doubts she may have had about the appropriateness of imposing the death penalty. It is also highly likely [she] believed that, by agreeing to the death verdict on Monday, she could avoid the threatened investigation by the court and the attorneys of the jury room incident and of her reluctance to vote for death." 46 Cal. 3d, at 547–548, 758 P. 2d, at 1127.

The petitioner here was entitled to have the decision whether he "deserve[d] to live or die . . . made on scales that are not deliberately tipped toward death." *Witherspoon* v. *Illinois*, 391 U. S. 510, 521–522, n. 20 (1968). Because the actions of the trial judge in this case raise serious doubts about whether the context and circumstances of the death sentence in this case were coercive, and thus whether the scales of justice were in equipoise when the time for that decision came, I would grant the petition for review. I dissent.

No. 87–764.   FLORIDA *v.* RILEY, 488 U. S. 445;

No. 87–6031.   ROMAN *v.* ABRAMS, ATTORNEY GENERAL OF NEW YORK, 489 U. S. 1052;

No. 88–894. REARDON ET AL. *v.* MILLER, JUDGE, SUPERIOR COURT OF NEW JERSEY, CHANCERY DIVISION, CAMDEN COUNTY, ET AL., 488 U. S. 1031;

No. 88–925. HARRIS ET AL. *v.* ISRAELITE BIBLE CLASS, INC., 489 U. S. 1013;

No. 88–936. SCHWARZ *v.* CITY OF WARWICK, RHODE ISLAND, ET AL., 489 U. S. 1013; and

No. 88–6167. FERDIK *v.* LEWIS, DIRECTOR, ARIZONA DEPART-MENT OF CORRECTIONS, ET AL., 489 U. S. 1026. Petitions for re-hearing denied.

No. 88–1050. APPLEGATE ET VIR *v.* CALIFORNIA ET AL., 489 U. S. 1017. Petition for rehearing and other relief denied.

## APRIL 7, 1989

No. 88–493. UNIVERSITY OF PENNSYLVANIA *v.* EQUAL EM-PLOYMENT OPPORTUNITY COMMISSION. C. A. 3d Cir. The order entered December 12, 1988 [488 U. S. 992], granting the peti-tion for writ of certiorari is amended to read: "Certiorari granted limited to Question 1 presented by the petition." Case is removed from the calendar for argument on April 18, 1989, and will be ar-gued during the October Term 1989.

## APRIL 17, 1989

No. 88–1491. RHINEHART ET AL. *v.* SEATTLE TIMES ET AL. Appeal from Ct. App. Wash. dismissed for want of jurisdiction. Treating the papers whereon the appeal was taken as a petition for writ of certiorari, certiorari denied.

No. 88–6255. SHAFFER *v.* DEPARTMENT OF SOCIAL SERVICES. Appeal from Ct. App. Mich. dismissed for want of jurisdiction. Treating the papers whereon the appeal was taken as a petition for writ of certiorari, certiorari denied.

No. 88–6630. BONNIE MARIE H., A MINOR *v.* HANNAN ET AL. Appeal from Ct. App. Cal., 6th App. Dist., dismissed for want of properly presented federal question.